Curia, per Evans, J.
These cases are alike, and will be considered together. I think there is no doubt that, under the Act of 1887, 6 Stat. 578, taken in connection with the Act of 1827, 6 Stat. 321, commissioners of public buildings have a right to raise money, by levying a tax, for the purpose of executing any of the duties which, by these Acts, they are required to perform. Before the passing of the Acts of 1839 and 1840, the law regulating the several district public offices, was very vague and uncertain ; what papers were required to be recorded, was to be gathered *417 rather by inference from the fee hills, than from any positive enactment on the subject. The mode of arranging the papers was left to the judgment of the several officers, and consequently there was no uniform rule. With a view to correct this evil, the Act of 1837 was passed, whereby the commissioners were required “ to cause to be made out and completed, such records and books as may be directed and ordered by the Court of Common Pleas and Sessions, whose duty it shall be, from time to time, to give such directions and make such orders as may be necessary for the completion of the records and books in the said offices, respectively.” By this Act, the whole matter was submitted to the direction of the court. It may be, that it is within the discretion of the court to order the papers in the several offices, of a date prior to the' Acts of 1839 and 1840, to be transcribed into books, on the plan and according to the directions of those Acts; but there is nothing in them indicating the will of the legislature, that the directions of those Acts, in relation to the recording or transcribing of the subsequent records, should be conformed to in relation to those of prior date. But from the fact which had come to my knowledge, of what had been done in some of the districts, I supposed, at the time I ordered the rule to be made absolute in these cases, that the papers in the district offices had been generally recorded, according to the directions of the Acts of 1839 and 1840; but I learn from my brethren, that the old papers have been copied or recorded into books in only a few districts in the State, and therefore I most cheerfully acquiesce in their opinion, that there is nothing in the several Acts of the Legislature which requires the old papers in the several public offices to be transcribed into books (which, we understand, is the recording to which the solicitor’s report refers.) The whole subject is committed, by the Act of 1837, to the direction of the court, and the court cannot act understandingly on the subject, without a full report on the state and condition of the papers. If they are in a proper state of preservation, we do not see that there is any necessity to incur the great expense of copying them into books. The words of the Act are, — “ to have completed such records *418 and books.” What may be the exact meaning of these words, it may be difficult to determine, with any great certainty ; but there is nothing in them making it obligatory on the court to order all the records to be transcribed. There is, certainly, great propriety in having the papers arranged and numbered with proper indexes, on the plan and according to the system pointed out in the Acts of 1839 and 1840. If any of the books or records, in the several offices, are deficient in any of these particulars ; or if any of them are mutilated or in a state of decay, so as to require them to be transcribed into books, in order to preserve them, these matters should be brought to the view of the court, by the Solicitor’s report, and the court will then make such order and give such directions as it is empowered to do by the Act of 1837. But until such report be made, we are of opinion that no order should have been made on the subject, and the motion is granted.
Richardson, O’Neall, Butler, Wardlaw and Fkost, JJ, concurred.